The determination of the Commissioner is approved.

---

## Appeal of FORT CUMBERLAND HOTEL CO.        Docket No. 2067.

Submitted April 13, 1925; decided May 26, 1925.

*Edward P. Leeds, C. P. A.*, for the taxpayer.
*Percy S. Crewe, Esq.*, for the Commissioner.

Before STERNHAGEN, TRAMMELL, PHILLIPS, and LOVE.

This appeal is from a determination by the Commissioner of a deficiency in income taxes for the year 1919 in an amount less than $10,000.

The determination of said deficiency was the result of a decision on the part of the Commissioner that the taxpayer, the Fort Cumberland Hotel Company, of Cumberland, Maryland, and the Hotel Windsor Operating Company, of Wheeling, West Virginia, should make a consolidated return, by reason of the fact that one person, H. B. Mabson, owned or controlled practically all the stock of both companies.

The taxpayer alleged in its petition that said H. B. Mabson did not own or control any of the stock of the Hotel Windsor Operating Company but that he was simply under a contract to purchase all of said stock.

### FINDINGS OF FACT.

It is conceded that H. B. Mabson owned or controlled all of the stock of the Fort Cumberland Hotel Company.

There was introduced in evidence by the taxpayer a document in the nature of a declaration of the terms and condition of a purchase agreement entered into by H. B. Mabson on the one side and the owners of the Hotel Windsor Operating Company stock on the other side, though signed only by H. B. Mabson, the pertinent parts of which are as follows:

DECEMBER 28, 1917.

I hereby acknowledge that I have bought from the stockholders of the Hotel Windsor Operating Company all of the outstanding stock of that company, both preferred and common, upon the terms and conditions hereinafter set forth. The purchase price is the sum of fifty thousand dollars, being at the rate of one hundred dollars for one share of preferred stock and one share of common stock. The sum of three thousand and twenty-five dollars has been paid in cash, and the remaining payments, including interest at six per cent accruing from the first day of January, 1920, are to be represented by notes and made on or before the following dates and in the following amounts:

| | |
|---|---|
| January 1, 1919, $3,125.00; | January 1, 1920, $3,125.00; |
| January 1, 1921, 5,562.50; | January 1, 1922, 5,375.00; |
| January 1, 1923, 5,187.50; | January 1, 1924, 5,000.00; |
| January 1, 1925, 4,812.50; | January 1, 1926, 4,625.00; |
| January 1, 1927, 4,437.50; | January 1, 1928, 4,250.00; |
| January 1, 1929, 4,062.50; | January 1, 1930, 3,875.00; |
| January 1, 1931, 3,687.50; | January 1, 1932, 3,500.00; |
| January 1, 1933, 3,312.50; | |

These payments are to be made to the National Bank of West Virginia at Wheeling or its successor, W. B. Irvine, now Vice-President of that bank, is to hold a portion of said stock in escrow as hereinafter provided.

Certificates representing five shares of the Common stock have been issued to me or to my nominees and delivered to me. Certificates representing the residue of the Common stock and all of the Preferred stock have been issued in my name, endorsed by me in blank and delivered to said Irvine.

On my failure to pay any such instalment at its maturity or within ten days after notice of such default, all of said instalments shall at the option of said Irvine or his successor in trust become due and payable, and such trustee may after ten days notice to me and public advertisement sell so much of the stock in his hands as may be necessary to pay the residue of said instalments, not including however any interest for a period subsequent to the date of such sale. Such notice may be served upon me personally or given by letter addressed to me at the Hotel Windsor, Wheeling, W. Va., and duly deposited in the United States mail. In case of such sale any stock not needed for the payment of said indebtedness shall be returned to me; and I am not to be liable for any deficiency in such payment.

While the Mabson affidavit was not put in evidence, it was conceded by counsel for the taxpayer that, in the hearing before the

Commissioner, Mabson had filed a questionnaire and submitted an affidavit stating that he was the owner of the stock of the Hotel Windsor Operating Company, but claimed that said questionnaire and affidavit, while made in good faith, were incorrect and not in accordance with the actual facts.

The taxpayer introduced in evidence, without objection, seven affidavits executed by persons who, prior to the deal with H. B. Mabson, owned stock of the Hotel Windsor Operating Company, all of which affidavits were of the same purport and of which the following is a fair type:

JANUARY 20, 1925.

COMMISSIONER OF INTERNAL REVENUE,
        *Washington, D. C.*

DEAR SIR: Your Department has ruled that the Hotel Windsor Operating Company was affiliated for several years, under the tax law, with the Fort Cumberland Hotel Company and has assessed an additional tax after giving effect to such ruling.

The undersigned is one of the owners of the stock of the Hotel Windsor Operating Company and desires to enter formal protest against the ruling made as stated above.

The facts are that in 1917 I and several others were the owners of all of the capital stock of the Hotel Windsor Operating Company and superintended the operation of the hotel. Mr. H. B. Mabson was not interested in any way whatever. This did not prove practicable and the services of an experienced operator were sought. As a result, an agreement was entered into with Mr. H. B. Mabson to take over the operation of the hotel; such agreement providing for the eventual ownership of Mr. Mabson of the stock of the Company. A copy of this agreement is on file in your department. In making this agreement I did not relinquish ownership of the stock owned by me, nor of any part of it, nor shall I until the provisions of the agreement are carried out, in the year 1934. Mr. Mabson has not had possession of the stock at any time.

Further, I have not now nor have I ever had any interest of any kind or description in the Fort Cumberland Hotel Company of Cumberland, Maryland.

With these facts before you I do not believe that you can legally declare these companies affiliated and I ask for a reconsideration of this case.

The above statements are true to my best knowledge and belief.

                                (Signed)      C. P. HUBBARD.

Sworn to and subscribed before me this 29th day of January 1925.

                                (Signed)      THOS. J. GARDEN,
                                              *Notary Public.*

There was no evidence offered of any meetings of the stockholders of the Hotel Windsor Operating Company; neither was there any evidence to show who, if any one, voted said stock.

DECISION.

The deficiency determined by the Commissioner is approved.

OPINION.

LOVE: There is no evidence in the record which controverts the written statement of H. B. Mabson that he had bought the stock of the Hotel Windsor Operating Company; or that the certificates for such stock were made to him and endorsed by him in blank; or the affidavit made by him that he owned all of said stock.

In the absence of evidence to the contrary, the legal presumption is that the record owner of corporation stock is the owner of and controls the same.